UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSIAH HITER,

        Plaintiff,                    Case No. 11-14561

v.                                         Paul D. Borman
                                       United States District Judge

COMMISSIONER OF
SOCIAL SECURITY,                   Charles E. Binder
                                       United States Magistrate Judge

        Defendant.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTIONS; (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff's Objections to Magistrate Judge Binder's January 3, 2013 Report and Recommendation. (Dkt. No. 18, Objections). The Commissioner filed a response to Plaintiff's Objections. (Dkt. No. 19). Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court denies Plaintiff's Objections, adopts the Magistrate Judge's Report and Recommendation, denies Plaintiff's Motion for Summary Judgment, grants Defendant's Motion for Summary Judgment, and affirms the findings of the Commissioner.

**I.  BACKGROUND**

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report

and Recommendation and the Court adopts them here.[1]  (Dkt. No. 15, Report and Recommendation at 6-14).  Briefly, the Plaintiff, Josiah Hiter, filed the instant claim for supplemental security income alleging he became unable to work on May 2, 2002.  Plaintiff was 27 years old at the time of his most recent administrative hearing and alleged affective disorders (including bipolar disorder) and asthma as reasons for disability.  On December 2, 2010, the ALJ, Patricia S. McKay, held that Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on September 10, 2011.

Plaintiff filed this Complaint on October 17, 2011, challenging the denial of benefit.  Both parties filed motions for summary judgment which were referred for decision to Magistrate Judge Binder.  (Dkt. Nos. 11 & 14).  The Magistrate Judge issued a Report and Recommendation on January 3, 2013, recommending Plaintiff's motion be denied, Defendant's motion be granted and affirming the findings of the Commissioner.  (Dkt. No. 15).  Plaintiff filed objections to the Report and Recommendation that are currently before the Court (Dkt. No. 18) and Defendant filed a response (Dkt. No. 19).  For the reasons that follow, the Court DENIES Plaintiff's

---

[1] The Court also recognizes that Plaintiff cites to and relies upon a letter sent by Plaintiff's mother to the Appeals Council after the ALJ's decision and notes that Plaintiff suffered multiple seizures on January 16, 2012.  (*See* Pl.'s Br. at 5, 9; Pl.'s Obj. at 6, 10).  However, the "evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review."  *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  Additionally, it is clear that any medical episode that Plaintiff suffered after the ALJ hearing and after the Appeals Council denied his Request for Review is well outside the record.  Further, Plaintiff has not argued or even addressed whether Plaintiff's more current medical issues constitutes "new evidence" for a sentence-six remand.  *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (noting the "explicit" standards that a plaintiff must establish for a sentence-six remand.  First, that the evidence at issue is both "new" and "material" and second, that there is "good cause for the failure to incorporate such evidence into the record of a prior proceeding.").  Therefore, the Court declines to address or rely upon this evidence.

objections, ADOPTS the Magistrate Judge's Report and Recommendation and AFFIRMS the findings of the Commissioner.

## II.     STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive ... "). Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A non-specific objection, or one that merely

reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that merely disagrees with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.   ANALYSIS

Plaintiff first objects that the Magistrate Judge failed to find error on the part of the ALJ who did not give controlling weight to Plaintiff's therapist, a social worker named Robert Bringman. (Pl.'s Obj. at 11). Plaintiff argues that the ALJ did not conduct the "requisite analysis" in assessing the social worker's opinion and the ALJ did not acknowledge that there was a letter written by both the social worker and Dr. Sarva, Plaintiff's psychiatrist. (*Id*. at 12).

First, as the Magistrate Judge and the ALJ correctly observed, a social worker is not considered a "treating source" or other "acceptable medical source" entitled to "controlling weight" pursuant to the regulations. *See* 20 CFR §§ 404.1513(d), 416.913(d). Rather, the opinion of Bringman is an "other source" that the agency "may also use as evidence to show the

severity of the claimant's impairments and how it affects his ability to work." *Fowler v. Comm'r of Soc. Sec.*, Slip Copy, 2013 WL 5372883, at *15 (E.D. Mich. Sept. 25, 2013) (internal quotation marks removed, citing 20 C.F.R. §§ 404.1513(d), 416.913(d)).  Plaintiff is correct that SSR 06-03p provides that the opinions from those who are "not technically deemed 'acceptable medical sources' under [the agency's] rules are important and should be evaluated on key issues such as impairment severity and functional effects."  SSR 06-03p.  However, this does not mean that an ALJ commits error by failing to consider an "other source" exactly as a treating source.  The Sixth Circuit has found no error where an ALJ failed to include any limitations noted by a social worker because, "[a]lthough they may constitute other evidence of the claimant's ability to work, social workers are not acceptable medical sources under Social Security regulations." *Payne v Comm'r of Soc. Sec.*, 402 Fed. App'x 109, 118-19 (6th Cir. 2010); *see also Mulkey v. Comm'r of Soc. Sec.*, 2011 WL 4528485, at *7 (W.D. Mich. June 14, 2011) (nothing that there is no requirement that the ALJ articulate good reasons for his or her decision assigning specific weight to the opinion of such a source), adopted by 2011 WL 4528479 (W.D. Mich. Sept. 29, 2011).

In the instant case, the ALJ expressly considered Bringman's opinion but then discounted it because it was not offered by a treating source under the regulations and it was also not supported by the treatment records.  (Tr. at 19-20).  Further, Plaintiff has not pointed to any case law or regulation that provides an ALJ must give controlling weight to an "other source" such as Bringman.  Therefore, Plaintiff's argument that the ALJ failed to give Bringman's opinion controlling weight was error is without merit.  Additionally, the Magistrate Judge accurately determined that Bringman was not operating "in conjunction" with Dr. Sarva such that he could

5

be found to be working "so closely with a doctor that the therapist's treatment is merely an extension of the doctor's." *Ramirez v. Astrue*, 803 F. Supp. 2d 1075, 1081 (C.D. Cal. 2011).

Finally, to the extent Plaintiff claims that the ALJ did not acknowledge the 2008 letter co-signed by both Bringman and Dr. Sarva in which they opine that Plaintiff is "totally disabled" this is not true. The ALJ did specifically reference the 2008 letter in her recitation of Plaintiff's medical evidence. (Tr. 17). Additionally, as the Magistrate Judge observed Dr. Sarva and Bringman's opinion that Plaintiff was "totally disabled" is not entitled to any particular weight as "[i]t is well settled that the ultimate issue of disability is reserved to the Commissioner." *Kidd v. Comm'r of Soc. Sec.*, 283 Fed. App'x 336, 341 (6th Cir. 2008).

Plaintiff next generally objects to the Magistrate Judge's findings that the ALJ's credibility findings were supported by substantial evidence. This is the exact argument that Plaintiff made in its motion for summary judgment. (Dkt. No. 11 at 10-16). Indeed, Plaintiff's objection is identical to the language in Plaintiff's motion for summary judgment brief and also incorporates Plaintiff's previous arguments by reference to the same. (*See* Pl.'s Obj. at 13-14). As explained *supra*, A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court. *See Howard*, 932 F.2d at 509 (6th Cir. 1991). Therefore, to the extent Plaintiff fails to identify any specific error with the Magistrate Judge's Report the Court will not readdress the entirety of Plaintiff's arguments regarding his credibility assessment on summary judgment.

To the extent that Plaintiff appears to be arguing that the Magistrate Judge erred in assessing Plaintiff's credibility assessment because the ALJ overstated Plaintiff's daily activities,

this objection is without merit. Plaintiff relies upon *Oliver v. Comm'r of Soc. Sec.*, 2010 WL 1002618 (E.D. Mich. 2010) where a court held an ALJ overstated the plaintiff's daily activities and that the ALJ's reliance on those activities was misplaced because the activities cited (making simple meals, occasionally using a computer, performing limited self-care) were all activities that could be performed intermittently "and do not require the sustained effort necessary for any substantial sustained and regular employment." *Oliver*, at *11 (quoting *Hunter v. Comm'r of Soc. Sec.*, 2006 WL 2092411, *3 (E.D. Mich. 2006)).

In the instant case, the ALJ relied upon the fact that Plaintiff testified that he would sometimes spend all day on Facebook to support a conclusion that he could complete daily tasks that were more than just intermittent and to cast doubt on his testimony to the contrary. (Tr. 19-20). Whether or not the ALJ overstated some of Plaintiff's daily activities, the Magistrate Judge accurately noted that the ALJ also based her credibility assessment on the fact that Plaintiff's description of his symptoms was not consistent with the medical findings and the fact that Plaintiff's medical impairments had not required treatment beyond outpatient therapy and medication since 2003 did not support a finding of disability. (*See* R&R at 20).

It is the in the province of the ALJ to make credibility assessments, not the Court. *Siterlet v. Sec'y of Health and Human Serv.*, 823 F.2d 918, 920 (6th Cir. 1987) ("A reviewing court may not try the case de novo, nor resolve conflicts in the evidence nor decide questions of credibility."); *see also Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (harmless error analysis applies to credibility determinations); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (holding "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's

demeanor and credibility.'" (citation omitted)). Therefore, an ALJ's credibility determination will only be disturbed for a "compelling reason". *See Sims v. Comm'r of Soc. Sec.*, 09-5773, 2011 WL 180789, at *4 (6th Cir. Jan. 19, 2011) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)).

Here, the ALJ had "substantial evidence" to support her credibility determination beyond any alleged misconception of Plaintiff's daily activities, specifically contradictions in Plaintiff's testimony regarding his memory and the testing by Dr. Sendi (Tr. 467), and also test results that indicated Plaintiff might have been making a conscious effort to appear disturbed (Tr. at *Id.*), as well as a modest treatment plan that had not included any treatment beyond outpatient therapy and prescription medication since 2003 (Tr. at 370). Therefore, the ALJ had "substantial evidence" on which to base her assessment such that the Court cannot reverse the decision merely because there exists some other evidence that might support a different conclusion. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

Finally, Plaintiff objects that the Magistrate Judge failed to address Plaintiff's argument regarding the ALJ's finding that there were no side effects relative to Plaintiff's medications. Plaintiff admits that the words "side effects to medications" were not documented in the medical record but claims that those side effects were actually reported as Plaintiff's problems with "being tired, lack of energy, weight gain, dry mouth, rashes, headaches, and nausea." (Pl.'s Obj. at 15). The Court first notes that the ALJ did not set forth an "opinion" regarding side effects suffered by Plaintiff or lack thereof, but merely stated that Plaintiff's progress notes did not set forth any side effects suffered by Plaintiff. (Tr. 17). As Plaintiff admits, the medical records do not specifically document any side effects this recitation observation was not in error. *See*

*Essary v. Comm'r of Soc. Sec.*, 114 Fed. App'x 662, 665-66 (6th Cir. 2004) (holding that an ALJ did not err in finding that a claimant suffered no side effects from her medications, despite the claimant's testimony to the contrary when the claimant never reported side effects to her physicians.).

Further, Plaintiff's citations to the record for documentation of alleged side effects reveal either Plaintiff's self-reporting of side effects or notations in medical records that do not attribute Plaintiff's weight gain, feeling nauseated, or "sleeping a lot" to a side effect from medication. (*See* Tr. 57, 62, 71, 180, 248, 332, 335, 347, 366, 380). There is one notation in the record that Plaintiff suffered the following side effects: trembling hands, dry mouth, being tired and a lack of sex drive. Yet, this lone note was from 2005, four years prior to the application date. (Tr. 369). Finally, the ALJ noted Plaintiff's visit to his primary care physician in January 2009 when he was diagnosed with nosebleeds and bronchial asthma, however, these symptoms were (again) not attributed or connected in any way to the medication Plaintiff was prescribed. (*See* Tr. 17, 407).

Additionally, Plaintiff's argument based on a list of potential side effects is unavailing because there is nothing to connect this list of possible side effects to what Plaintiff actually experienced. Further, to the extent Plaintiff relies upon his own testimony to substantiate alleged side effects, the ALJ found his credibility lacking and therefore, could properly discount any self-reported side effects. For these reasons, the Court denies Plaintiff's objection regarding any error by the ALJ in finding that Plaintiff did not suffer any side effects from his medication.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Objections (Dkt. No. 18),

ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 15), (3) DENIES Plaintiff's Motion for Summary Judgment (Dkt. No. 11), and (4) GRANTS Defendant's Motion for Summary Judgment (Dkt. No. 14) and AFFIRMS the findings of the Commissioner.

IT IS SO ORDERED.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: March 10, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 10, 2014.

        s/Deborah Tofil
        Case Manager